## ADDISON C. DOUGLAS ET AL.
## v.
## JAMES McCORD ET AL.

MECHANIC'S LIEN—SUB-CONTRACTORS.—Appellees served notice on appellants that they had been employed by the principal contractor to furnish materials to erect appellant's building, and that they would hold the building and ground liable for the amount due. At the time of the notice appellant did not owe the principal contractor anything, except the sum of $22.36, which they paid to appellees before suit brought. *Held*, that as it was not claimed that anything became due from appellants to the principal contractor, that they did not owe at the time the notice was served, appellees have failed to establish by proof their claim as sub-contractors (R. S. Ch. 82, §§ 29, 33). As to the claim made by appellees that they were original contractors, it is sufficient answer that it is not so set up in the bill.

APPEAL from the Circuit Court of Piatt county; the Hon. C. B. SMITH, Judge, presiding. Opinion filed January 16, 1883.

Mr. R. FISHER and Messrs. REED & DAVIDSON, for appellants; that appellees had no lien on the building until they had served the written notice, cited Shultz v. Hay, 62 Ill. 157.

The decree against Grant is simply a decree *pro confesso*, and it was error to entirely ignore him thereafter in the decree and require nothing of him: O. & St. L. R. R. Co. v. Cauble, 4 Bradwell, 137.

Mr. W. G. CLOYD, for appellees; cited R. S. Ill., Chap. 82, § 31.

A decree *pro confesso* concludes a party as to the averments in the bill: DeLeuw v. Neely, 71 Ill. 473.

McCULLOCH, J. This was a proceeding in the court below to enforce a mechanic's lien upon property owned by appellant, Mary E. Douglas. The bill sets out that on the 12th day of August, 1881, appellant Addison C. Douglas as agent for his wife, and with her knowledge and consent, contracted with

one George Grant, who is made a defendant to the bill, to erect a two story brick building upon the premises described; that said contract was in writing, but appellees (the complainants below) were unacquainted with its terms. It is then alleged that Grant went on and completed the contract, and that appellees furnished materials for said building under a contract with Grant, by which last named contract all the materials were to be paid for on delivery thereof on the premises where the said store was to be built. A bill of items is attached to said petition, showing the sum of $338.73, to be still due. It is further alleged that the building was completed about the 15th day of December, 1881, and that about the 23d day of the same month, appellees, in pursuance of the statute, served a notice on appellants that they had been employed by Grant to furnish materials to erect the building named, and that they would hold the building and ground liable for the amount due them.

The proof establishes the fact that the work was done under the contract relied on in the case of Douglas et al. v. Grant, 12 Bradwell, 273, decided at the present term, and that at the time of the service of said notice, there was due said Grant upon his contract only the sum of $22.36, which appellants then paid to appellees.

The decree finds $345.50 due from appellants to appellees, and that they are entitled to a lien upon the premises built upon for that sum; but the decree fails to find what sum, if any, was due from appellants to Grant.

Appellants answered the bill and denied owing Grant at the time the notice was served on them, anything except said sum of $22.36, which they allege they had paid before suit brought.

We think the proof contained in this record fully sustains the answer. Sec. 29, Ch. 82, R. S., provides that "in no case shall the owner be compelled to pay a greater sum for, or on account of such house, building or other improvement, than the price or sum stipulated in the original contract or agreement, that is, the contract with the principal contractor; and Sec. 33 provides that "no claim of any sub-contractor * * shall

be a lien * * except so far as the owner may be indebted to the contractor at the time of giving such notice, as aforesaid, of such claim, or may become indebted afterward to him as such contractor." It is not claimed that anything became due from appellants to Grant, that they did not owe at the time the notice was served. Appellees have therefore failed to establish by proof their claim as sub-contractors.

It is claimed, however, and the decree of the court below seems to be based upon this claim, that appellees were original contractors with appellants for the materials furnished by them for the building in question. It is a sufficient answer to this claim to say it is not set up in the bill. It is true that after alleging the contract between appellants with Grant, the sub-contract between Grant and appellees, the erection of the building by Grant under the original contract, and the furnishing of the materials by appellees under that contract with Grant, it is in substance alleged that about October 12, 1881, while said building was being erected by Grant, and in consideration of appellees furnishing such lumber and other materials, and further consideration of his own and the liability of said Mary E. Douglas, said A. C. Douglas promised to pay them for said lumber and materials furnished as aforesaid, and by an amendment to the bill it is alleged that October 12, 1881, said A. C. Douglas paid appellees $200 on said materials and promised to pay $200 more on October 26, 1881, and $200 on the 9th day of November, 1881, and balance on completion of the building.

All there is of these allegations is that A. C. Douglas agreed to become responsible for lumber and other materials furnished or to be furnished under appellees' contract with Grant. It was not a new contract for the purchase by A. C. Douglas, as agent for his wife, of the materials to be used in building a house upon her land, from appellees. If any such contract was contemplated by the bill its terms should have been set out and an opportunity given appellants to contest the same. But the bill is framed wholly upon the contract made between appellees and Grant, and upon this it must stand or fall.

In the case of Douglas et al. v. Grant, 12 Bradwell, 273, which is now before us, the court below was of the opinion, and so found, that $192 was still due from appellants to Grant, upon the contract.

Should this finding be sustained upon another hearing, we see, as yet, no reason why appellees should not have the benefit thereof, nor do we see why the two suits might not be consolidated for the purpose of adjusting the equities between all the parties in one decree.

For the reasons herein set forth the decree of the circuit court will be reversed and the cause remanded.

Decree reversed and remanded.